**Reversed and Remanded and Memorandum Opinion filed December 5, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00390-CR

### RICHARD DOTSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1192825**

## MEMORANDUM OPINION

The Court of Criminal Appeals granted appellant an out-of-time appeal because his appellate counsel rendered ineffective assistance by not challenging appellant's sentence as illegal. *Ex parte Dotson*, 663 S.W.3d 99, 99 (Tex. Crim. App. 2022) (per curiam). Appellant contends that his punishment for a state jail felony—possession of a controlled substance—was improperly enhanced when the

State failed to allege proper convictions to support the jury's finding. The State agrees appellant is entitled to a new punishment hearing, and so do we.[1]

## I.    Background

The State indicted appellant for the state jail felony of possession of a controlled substance. Regarding enhancements, the State alleged:

> Before the commission of the offense alleged above, (hereafter styled the primary offense), on SEPTEMBER 15, 1992, in Cause No. 0626016, in the 176TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of BURGLARY OF A BUILDING.
>
> Before the commission of the primary offense, and after the conviction in Cause No. 0626016 was final, the Defendant committed the felony of DELIVERY OF A CONTROLLED SUBSTANCE and was finally convicted of that offense on JANUARY 9, 1998, in Cause No. 0771802, in the 351ST DISTRICT COURT of HARRIS County, Texas.

After a jury found appellant guilty, he pleaded true to these enhancements. The court admitted evidence of appellant's stipulation to sixteen prior convictions and various judgments of convictions. Three of these convictions were felonies: (1) a conviction in 1992 for burglary of a building committed in February 1992 (the first conviction alleged for enhancement); (2) a conviction in 1990 for burglary of a motor vehicle committed in July 1990; and (3) a conviction in 1980 for aggravated robbery committed in May 1980.

The trial court instructed the jury "you are to find 'true' the allegations of Enhancement Paragraph One and Enhancement Paragraph Two of the indictment." The court instructed the jury to assess punishment at confinement in the

---

[1] Although the State confesses error, this court is not bound by it and "must still independently examine the error confessed." *Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010).

institutional division of the Texas Department of Criminal Justice (TDCJ) for not less than two years nor more than twenty years, the range applicable to a second degree felony. The jury found the allegations true and assessed punishment at confinement in the TDCJ for eighteen years.

Appellant appealed his conviction but did not challenge his sentence as illegal. *See Dotson v. State*, No. 14-09-00213-CR, 2010 WL 1661930 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, no pet.) (mem. op., not designated for publication). Appellant filed an application for a writ of habeas corpus, contending that "appellate counsel was ineffective because she failed to raise an illegal sentence claim based on the improper use of enhancements." *Ex parte Dotson*, 663 S.W.3d 99, 99 (Tex. Crim. App. 2022) (per curiam). A divided court granted relief for appellant to file an out-of-time appeal. *Id.*

## II.  Illegal Sentence

We agree with the parties that appellant's sentence is illegal due to insufficient evidence to support enhancement to a second degree felony.

The punishment range for a state jail felony is confinement for 180 days to two years. Tex. Penal Code § 12.35(a). The punishment range for a second degree felony is confinement for two to twenty years. *Id.* § 12.33(a).

To enhance appellant's punishment to the range for a second degree felony, under the enhancement statute applicable to this case, the State was required to prove that appellant had been "previously finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws, 2734, 2734–35 (codified as amended at Tex. Penal Code § 12.425(b)). In 2001, the Court of Criminal Appeals

held that the two felonies used for enhancement to the punishment level of a second degree felony, under this statute, could not be state jail felonies. *See Campbell v. State*, 49 S.W.3d 874, 875 (Tex. Crim. App. 2001).[2]

The conviction alleged in the second enhancement paragraph—the 1998 conviction for possession of a controlled substance—was a state jail felony. Thus, it could not be used to enhance appellant's sentence. *See Ex parte Dotson*, 663 S.W.3d at 99; *see also Campbell*, 49 S.W.3d at 875.

Appellant concedes, however, that the State "could have used other prior convictions from Appellant's criminal history to enhance the punishment range to that of either a third-degree or second-degree felony." Sometimes a variance between a conviction alleged for enhancement and the conviction proven during the punishment trial can be immaterial. If the defendant has not been prejudicially surprised by the variance, the evidence is not legally insufficient, and the sentence is legal. *See, e.g.*, *Freda v. State*, 704 S.W.2d 41, 43 (Tex. Crim. App. 1986) (evidence of enhancement was sufficient when the State alleged a prior conviction for bank robbery but proved at trial a prior conviction for conspiracy to commit bank robbery). In determining whether there is a material variance, we look to appellant's 1990 and 1980 felony convictions as potential convictions that could, along with his 1992 felony conviction, support the enhancement of appellant's punishment to the range of a second degree felony. Appellant has not argued that he was prejudicially surprised by the State's failure to plead one of these two other prior felony convictions. *See id.*; *cf. Ex parte Parrott*, 396 S.W.3d 531, 533, 538 (Tex. Crim. App. 2013) (habeas applicant failed to show harm from an illegal sentence based on State's improper use of a prior state jail felony to enhance his

---

[2] The Legislature later amended the statute to include this limitation expressly. *See* Tex. Penal Code § 12.425(b) (providing for enhancement if the defendant has "previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a)").

punishment range when other uncontested evidence established that his criminal history supported the range of punishment within which he was sentenced).

However, nothing in this record indicates when his 1990 or 1980 conviction became final, which would be necessary to support the trial court's judgment under the applicable enhancement statute. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws, 2734, 2734–35 (date of the offense for the second conviction must be subsequent to the earlier conviction becoming final); *cf. Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (regarding similar statute governing enhancement of felony with prior felony convictions, the State must "prove this chronological sequence of events: (1) the first conviction became final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; [and] (4) the offense for which the defendant presently stands accused is committed" (quotation omitted)).

In deciding to grant appellant habeas relief, the Court of Criminal Appeals relied on *Ex parte Miller*, which granted habeas relief when Miller's appellate counsel failed to challenge a sentence that had been enhanced with a conviction for which the State failed to prove when an offense was committed. *See Ex parte Dotson*, 663 S.W.3d at 100 (citing *Ex parte Miller*, 330 S.W.3d 610). Miller's appellate counsel was ineffective for failing to raise a "lead pipe cinch" or "sure-fire winner" point of error, for which he would have prevailed on appeal. *Ex parte Miller*, 330 S.W.3d at 624–25 ("[I]f appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it.").

Because the State failed to prove when the 1990 or 1980 conviction became final—a requirement to enhance appellant's sentence—the evidence is legally insufficient to support enhancement, and the sentence must be reversed and

remanded for a new punishment hearing. *See Jordan v. State*, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008); *see also Ex parte Miller*, 330 S.W.3d at 624–26.

## III.   Remedy

Appellant asks this court to remand for a new punishment hearing "within the state jail felony punishment range." Appellant cites no authority to limit his new punishment hearing to the range for an unenhanced state jail felony, and we find none.

"[S]ufficiency of the evidence with regard to a conviction and sufficiency with regard to a prior conviction alleged for enhancement purposes involve very different considerations." *Jordan*, 256 S.W.3d at 292. For example, when a reviewing court determines the State's evidence is insufficient to prove an enhancement, the Double Jeopardy Clause does not bar the use of the enhancement conviction during a retrial on punishment. *Id.* Additionally, the State is not required to plead enhancement allegations in a charging instrument; nor is the State required to give notice before trial. *Ex parte Parrott*, 396 S.W.3d at 537 (holding that the applicant was not entitled to a new punishment hearing based on an improper enhancement when the State provided notice and proof of other enhancement convictions during the habeas proceeding; "The State's response to his application provided him notice of the State's intent to support the propriety of his sentence with his other prior convictions.").

We find no authority that would prohibit the State from properly alleging and proving appellant's prior felony convictions for enhancement upon retrial in this case. *See Ex parte Dotson*, 663 S.W.3d at 101 (Keller, P.J., dissenting) ("[I]f appellate counsel had raised the issue on appeal and obtained a reversal, the only remedy would have been a new sentencing hearing at which the State could then

offer the eligible prior convictions for enhancement, affording the exact same punishment range available at the original trial.").

Thus, appellant's first issue is sustained in part. His sentence is reversed, and the case is remanded to the trial court for a new punishment hearing. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b), *Jordan*, 256 S.W.3d at 293.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b)